No. 23-1468

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

**SANJAY JOSEPH DESAI**
**A#096-656-434,**
**Petitioner,**

**v.**

**MERRICK B. GARLAND, Attorney General,**
**Respondent.**

_____

## ON PETITION FOR REVIEW FROM A FINAL ORDER
## OF THE BOARD OF IMMIGRATION APPEALS

## PETITIONER IS NOT DETAINED

_____

## BRIEF FOR RESPONDENT

_____

**BRIAN M. BOYNTON**
Principal Deputy Assistant
  Attorney General

**JONATHAN A. ROBBINS**
Assistant Director

**E. TAYO OTUNLA**
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
 Washington, D.C. 20044
(202) 598-9517

March 22, 2024

Attorneys for Respondent

## **TABLE OF CONTENTS**

TABLE OF CONTENTS.............................................................................i

TABLE OF ATHORITIES.......................................................................iii

STATEMENT OF JURISDICTION ............................................... 1

COUNTER-STATEMENT OF THE ISSUES ................................. 3

STATEMENT OF THE CASE AND RELEVANT FACTS ....................... 3

I.   Mr. Desai's Fraudulent Entry, Unauthorized Overstay, And Conviction For Misdemeanor Grand Theft In Violation Of CPC § 487 ................ 3

II.  Initiation Of Mr. Desai's Removal Proceedings................................... 4

III. Mr. Desai's Proceedings Before The Board Challenging The Immigration Judge's March 3, 2015 Decision .................................... 5

IV.  Mr. Desai's First Petition For Review Filed With This Court............ 6

V.   Mr. Desai's Motion To Reopen, Following The 2021 Vacatur Of His 2011 Conviction For Misdemeanor Grand Theft.................................. 7

VI.  The Board's June 21, 2023 Decision Denying Reopening ................. 8

SUMMARY OF THE ARGUMENT ................................................. 9

ARGUMENT ..................................................................................... 11

I.   Scope And Standard Of Review.......................................................... 11

II.    Statutory And Regulatory Authority For Motions To Reopen......... 12

III. The Board Was Within Its Discretion In Declining To Equitable Toll Mr. Desai's Motion To Reopen Filing Deadline Where Mr. Desai Failed To Exercise Due Diligence By Waiting Nearly Ten Years To Vacate His 2011 Conviction............................................................... 13

IV.  The Court Lacks Jurisdiction Over The Sua Sponte Denial Of  Mr. Desai's Motion To Reopen Where Mr. Desai Raised No Colorable Questions Of Law Or Constitutional Claims. .................................... 25

CONCLUSION ........................................................................................... 33

STATEMENT OF RELATED CASES

STATEMENT OF PETITIONER'S DETENTION STATUS AND PENDING MOTIONS BEFORE THE BOARD

CERTIFICATE OF COMPLIANCE PURSUANT TO FED. R. APP. P. 32(a)(7)( c) AND CIRCUIT RULE 32-1 FOR CASE NUMBER 23-1468

BRIEF IN PAPER FORMAT CERTIFICATION

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

## CASES

*Avagyan v. Holder*,
646 F.3d 672 (9th Cir. 2011) ...................................................... 14

*Ballinas-Lucero v. Garland*,
44 F.4th 1169 (9th Cir. 2022) ................................................... 30

*Bonilla v. Lynch,*
840 F.3d 575 (9th Cir. 2016) ....................................... 14, *passim*

*Covarrubias-Delgado v. Garland*,
No. 21-1341, 2023 WL 42928509, *1 (9th Cir. 2023) ............................. 21

*Doe v. Garland*,
17 F.4th 941 (9th Cir. 2021) ............................................... 15, 18

*Garcia-Lopez v. Ashcroft*,
334 F.3d 840 (9th Cir. 2003) ........................................................ 5

*Goulart v. Garland*,
18 F.4th 653 (9th Cir. 2021) ..................................................... 16

*Guerrero-Lasprilla v. Barr*,
140 S. Ct. 1062 (2020)............................................................ 22

*Guzman-Nunez v. Garland*,
No. 21-1118, 2023 WL 8889558 (9th Cir. 2023).................................... 20

*INS. v. Abudu*,
485 U.S. 94 (1988).......................................................... 12, 23

*INS v. Bagamasbad*,
429 U.S. 24 (1976)................................................................ 23

*INS v. Doherty*,
    502 U.S. 314 (1992)............................................................... 9, 12, 23

*INS v. Rios-Pineda*,
    471 U.S. 444 (1985)................................................................ 23, 26, 27

*Iturribarria v. INS*,
    321 F.3d 889 (9th Cir. 2003) ................................................. 14, 22

*Kucana v. Holder*,
    558 U.S. 233 (2010)................................................................ 12

*Lara-Garcia v. Garland*,
    49 F.4th 1271 (9th Cir. 2022) ............................................... 19, 25

*Lona v. Barr*,
    958 F.3d 1225 (9th Cir. 2020) ........................................... 2, *passim*

*Mikhalenko v. Garland*,
    No. 21-113, 2023 WL 3018057 (9th Cir. 2023)...................... 29

*Parra Camacho v. Barr*,
    808 F. App'x 567 (9th Cir. 2020).......................................... 29

*Patino-Ortiz v. Holder*,
    593 F. App'x 696 (9th Cir. 2018).......................................... 20

*People v. Castaneda*,
    37 Cal. App. 4th 1612 (1995)................................................ 20

*Perez-Camacho v. Garland*,
    54 F.4th 597 (9th Cir. 2022) ............................................ 9, *passim*

*Singh v. Gonzales*,
    491 F.3d 1090 (9th Cir. 2007) .............................................. 22

*Socop-Gonzales v. INS*,
    272 F.3d 1176 (9th Cir. 2001) .......................................... 14, 21, 22

iv

*Toufighi v. Mukasey,*
   538 F.3d 988 (9th Cir. 2008) ...................................................................... 11

*Valeriano v. Gonzales,*
   474 F.3d 669 (9th Cir. 2007) ............................................................... 12, 14

*Velasquez-Rios v. Barr,*
   979 F.3d 690 (9th Cir. 2020) .................................................................. 2, 6

*Velasquez-Rios v. Wilkinson,*
   988 F.3d 1081 (9th Cir. 2021) ....................................................... 6, *passim*

*Yepez-Razo v. Gonzales,*
   445 F.3d 1216 (9th Cir. 2006) ..................................................................... 5

## ADMINISTRATIVE DECISIONS

*Matter of G-C-L-,*
   23 I. & N. Dec. 359 (BIA 2002) ................................................................ 26

*Matter of G-D-,*
   22 I. & N. Dec. 1132 (BIA 1999) .............................................................. 25

*Matter of J-J-,*
   21 I. & N. Dec. 976 (BIA 1997) ...................................................... 9, 26, 31

*Matter of Velasquez-Rios,*
   27 I. & N. Dec. 470 (BIA 2018) .................................................................. 2

*Matter of Yauri,*
   25 I. & N. Dec. 103 (BIA 2009) .......................................................... 26, 27

## **STATUTES**

Immigration and Nationality Act of 1952, as amended

Section 212(i)
    8 U.S.C. § 1182(i) ........................................................................... 4

Section 237(a)(1)(B),
    8 U.S.C. § 1227(a)(1)(B) ...................................................... 5, 9, 17

Section 237(a)(2)(A)(i),
    8 U.S.C. § 1227(a)(2)(A)(i) ............................................................ 6

Section 240(c)(7),
    8 U.S.C. § 1229a(c)(7) ................................................................. 13

Section 240(c)(7)(A),
    8 U.S.C. § 1229a(c)(7)(A) ........................................................... 12

Section 240(c)(7)(C),
    8 U.S.C. § 1229a(c)(7)(C) ...................................................... 12, 21

Section 240A(b)(1),
    8 U.S.C. § 1229b(b)(1) ................................................................ 31

Section 242(a)(1),
    8 U.S.C. § 1252(a)(1) .................................................................... 2

Section 242(b)(1),
    8 U.S.C. § 1252(b)(1) .................................................................... 2

Section 242(b)(2),
    8 U.S.C. § 1252(b)(2) .................................................................... 2

Section 242(d)(2),
    8 U.S.C. § 1252(d)(2) .................................................................. 11

CPC:

Section 18.5...................................................................................... 20

Section 487........................................................................................ 5

Section 1016.5.................................................................................. 20

Section 1016.5(b).............................................................................. 20

Section 1473.7......................................................................... 7, *passim*

## REGULATIONS

8 C.F.R. § 1003.2 ......................................................................... 2, 23

8 C.F.R. § 1003.2(a) .................................................................. 9, *passim*

8 C.F.R. § 1003.2(c)(2).............................................................. 12, 13

No. 23-1468
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

SANJAY JOSEPH DESAI
A#096-656-434,
Petitioner,

v.

MERRICK B. GARLAND, Attorney General,
Respondent.
_____

ON PETITION FOR REVIEW FROM A FINAL ORDER
OF THE BOARD OF IMMIGRATION APPEALS

PETITIONER IS NOT DETAINED
_____

## STATEMENT OF JURISDICTION

In this immigration case, Petitioner Sanjay Joseph Desai ("Mr.
Desai") petitions for review of a June 21, 2023 decision of the Board of
Immigration Appeals ("Board") denying his motion to reopen based on the
vacatur of his 2011 conviction of misdemeanor grand theft in violation of
California Penal Code ("CPC") § 487.  Certified Administrative Record
("AR") 1-5.  Specifically, Mr. Desai challenges the Board's denial of: (1) his
request to equitably toll the motion to reopen filing deadline he missed by

years, and (2) reopening sua sponte. AR 3-4. This petition for review is Mr.

Desai's second. *See Velasquez-Rios v. Barr,* 979 F.3d 690 (9th Cir. 2020)

(case title reflecting consolidation of Mr. Desai's case with an unrelated

appeal presenting the same issue; affirming *Matter of Velasquez-Rios*, 27 I.

& N. Dec. 470 (BIA 2018), holding the controlling time period for assessing

whether a past offense makes a noncitizen removable is the time of

conviction, regardless of subsequent changes to state law); *Velasquez-Rios v.*

*Wilkinson,* 988 F.3d 1081 (9th Cir. 2021) (order and amended opinion)

(petitions for rehearing and rehearing en banc denied). The Board had

jurisdiction over Mr. Desai's motion to reopen pursuant to 8 C.F.R. §

1003.2.

This Court's jurisdiction derives from 8 U.S.C. § 1252(a)(1). Mr.

Desai timely filed his petition on July 17, 2023, within thirty days of the

Board's June 21, 2023 order. *See* 8 U.S.C. § 1252(b)(1). Venue is proper

because the Immigration Judge completed the underlying proceedings in

California, which is within this judicial circuit. *See* 8 U.S.C. § 1252(b)(2).

As discussed more fully below, the Court lacks jurisdiction over the Board's

denial of sua sponte reopening, absent a legal error by the Board, which is

not present here. *See Lona v. Barr*, 958 F.3d 1225, 1233 (9th Cir. 2020)

(declining to revisit the Board's denial of sua sponte reopening absent an incorrect underlying legal or constitutional error).

## COUNTER-STATEMENT OF THE ISSUES

I.     Whether the Board exercised its broad discretion by denying Mr. Desai's motion to reopen because Mr. Desai failed to show that he merited equitable tolling of the motion filing deadline where he submitted no evidence establishing that he exercised due diligence by waiting nearly ten years to vacate his 2011 conviction for misdemeanor grand theft.

II.    Whether the Court lacks jurisdiction over the Board's denial of sua sponte reopening except when the Board relies on an incorrect legal or constitutional premise, and where Mr. Desai raises no such colorable claims.

## STATEMENT OF THE CASE AND RELEVANT FACTS

I.     **Mr. Desai's Fraudulent Entry, Unauthorized Overstay, And Conviction For Misdemeanor Theft In Violation Of CPC § 487**

Mr. Desai is a native and citizen of India who was admitted to the United States on May 22, 2000, as a non-immigrant visitor with authorization to remain for six months.  AR 548, 676.  He remained in the United States beyond that time without authorization.  *Id.*  During that time, Mr. Desai married a United States citizen and had two United States citizen children.  AR 362, 383-84, 413, 666.

3

On October 16, 2005, Mr. Desai's then-wife filed a Petition for Alien Relative ("Form I-130"), and Application to Adjust Status ("Form I-485"), on Mr. Desai's behalf with the United States Citizenship and Immigration Services ("USCIS"). AR 653-58. Mr. Desai's visa petition was approved. AR 433, 653. During the application process, Mr. Desai admitted to having entered the United States using a Portuguese passport and United States visa in the name "Joao Sergio Karamanolis Soverano." AR 545-46 (USCIS decision dated May 4, 2009). The USCIS and its Administrative Appeals Office ("AAO") determined Mr. Desai was inadmissible to the United States under 8 U.S.C. § 1182(a)(6)(C)(i) (fraud or misrepresentation), and not entitled to a discretionary waiver under 8 U.S.C. § 1182(i). AR 541-43 (February 14, 2007 USCIS decision); 490-540 (Mr. Desai's Form I-601, Application for Waiver of Grounds of Inadmissibility); 481-86 (April 21, 2009 AAO decision); 460-65 (September 6, 2011 decision).

On July 15, 2011, Mr. Desai was convicted of misdemeanor grand theft in violation of CPC § 487, for which he was sentenced to thirteen (13) days in jail, and thirty-six (36) months of probation. AR 302, 417.

## II. Initiation Of Mr. Desai's Removal Proceedings

Accordingly, on October 24, 2011, the Department of Homeland Security ("DHS") filed a Notice to Appear ("NTA") against Mr. Desai in

4

immigration court. AR 568-69. The NTA charged Mr. Desai with removability pursuant to 8 U.S.C. § 1227(a)(1)(B), as a noncitizen who remained in the United States for a time longer than permitted. *Id.* On October 3, 2012, Mr. Desai, through counsel, admitted the allegations in the NTA and conceded removability. AR 338. On March 3, 2015, an Immigration Judge, *inter alia*, ordered Mr. Desai removed and pretermitted Mr. Desai's application for cancellation of removal based on a finding that his conviction for CPC § 487, an offense that carried a maximum possible sentence of one year, was categorically a crime involving moral turpitude ("CIMT").[1] AR 332-35 (citing *Garcia-Lopez v. Ashcroft*, 334 F.3d 840 (9th Cir. 2003), and *Yepez-Razo v. Gonzales*, 445 F.3d 1216 (9th Cir. 2006)).

## III. Mr. Desai's Proceedings Before The Board Challenging The Immigration Judge's March 3, 2015 Decision

On August 9, 2016, the Board remanded the matter to the Immigration Judge to "consider what effect, if any, intervening precedent from the United States Court of Appeals for the Ninth Circuit . . . has on his determination that [Mr. Desai's] conviction, under [CPC § 487], is a crime involving moral

---

[1] Initially, Mr. Desai indicated that he would also apply for adjustment of status, asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture, but he filed no applications for asylum and related relief, and was deemed ineligible to adjust his status after divorcing his United States citizen wife. *See* AR 339-40.

5

turpitude under . . . § 1227(a)(2)(A)(i)." AR 271. In remanded proceedings, Mr. Desai, through counsel, conceded to the Immigration Judge that Board precedent rendered his arguments moot at that stage of proceedings, and indicated his desire to accept an order of removal and appeal the issue to the Board and this Court. AR 257-62. Accordingly, on March 29, 2017, the Immigration Judge ordered Mr. Desai removed, affirmed the pretermission of his cancellation of removal claim, AR 252-53, and Mr. Desai once again appealed to the Board. AR 228-30 (notice of appeal), 187-95 (brief).

On November 2, 2018, the Board dismissed Mr. Desai's appeal. AR 109-11. The Board rejected Mr. Desai's arguments on appeal that his misdemeanor grand theft conviction under CPC § 487 should not be classified as an offense under 8 U.S.C. § 1227(a)(2)(A)(i). AR 110-11 (addressing Mr. Desai's contentions about the timing of the commission of his offense, as well as the sentencing requirements).

## IV. Mr. Desai's First Petition For Review Filed With This Court

Mr. Desai filed his first petition for review with this Court on November 29, 2018 (No. 18-73218), challenging the Board's appeal dismissal. AR 31-49; *see Velasquez-Rios v. Barr,* 979 F.3d 690 (9th Cir. 2020); *Velasquez-Rios v. Wilkinson,* 988 F.3d 1081 (9th Cir. 2021). The Court denied Mr. Desai's first petition for review in a February 24, 2021

6

decision.  *Id.* (affirming the Board's decision in *Matter of Velasquez*, holding that the controlling time period for assessing whether a past offense makes a noncitizen removable is the time of the conviction, regardless of subsequent changes to state law).

**V.  Mr. Desai's Motion To Reopen, Following The 2021 Vacatur Of His 2011 Conviction For Misdemeanor Grand Theft**

On May 19, 2021, approximately three months after the Court's decision in his first petition for review, Mr. Desai, through prior counsel, filed a motion for post-conviction relief with the State of California pursuant to CPC § 1473.7.[2]  AR 91-97.

On June 4, 2021, the California state court granted the motion and set aside Mr. Desai's 2011 misdemeanor grand theft conviction on grounds that it is "legally invalid due to prejudicial error damaging [Mr. Desai's] ability to [] knowingly accept the actual or potential adverse immigration consequences of a plea of guilty under [CPC § 1473.7]."  AR 89.

---

[2]  CPC § 1473.7 states: "(a) A person who is no longer in criminal custody may file a motion to vacate a conviction or sentence [if]: (1) The conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence.  A finding of legal invalidity may, but need not, include a finding of ineffective assistance of counsel."  *Id.*

On August 26, 2021, Mr. Desai filed a motion to the Board, seeking reopening based on the June 4, 2021 order vacating his 2011 conviction. AR 10-19, 89; *see also* 85-87 (minute order). Recognizing that the ninety (90) day time limit to reopen proceedings had passed, Mr. Desai requested that the Board equitably toll the motion to reopen filing deadlines, or alternatively reopen proceedings sua sponte. AR 18. According to Mr. Desai, he established due diligence by "litigating his case before the Ninth Circuit on direct appeal, until the Court issued a precedent decision finding him ineligible for relief, and then acting to immediately seek the vacatur of his conviction on legal grounds . . . Further, he is filing this motion within ninety (90) days of the vacatur of the conviction." *Id*. Thus, Mr. Desai summarized, because the criminal court vacated his 2011 conviction pursuant to CPC § 1473.7, he no longer was convicted of a CIMT or other criminal history, and thus, based on his twenty years of residence and his two United States citizen children, established a prima facie claim for cancellation of removal relief. AR 15-19.

## VI.    The Board's June 21, 2023 Decision Denying Reopening

On June 21, 2023, the Board denied Mr. Desai's motion to reopen. AR 3-5. The Board noted the procedural history and recognized that Mr. Desai sought to reopen based on a California criminal court's vacatur of his

8

2011 conviction for violating CPC § 487.  AR 3.  First, the Board found Mr.

Desai's motion untimely and not subject to any recognized statutory or

regulatory exception.  AR 3-4.  Second, the Board declined to equitably toll

the filing deadline, finding Mr. Desai failed to demonstrate he diligently

pursued post-conviction relief when he waited "nearly 10 years after the July

15, 2011, conviction to seek its vacatur."  AR 3 (citing, *inter alia*, *Perez-*

*Camacho v. Garland*, 54 F.4th 597, 607 (9th Cir. 2022)).  The Board noted

Mr. Desai's vacated conviction only concerns "his potential eligibility for

relief from removal" and irrespective of the vacatur, Mr. Desai conceded

removability under 8 U.S.C. § 1227(a)(1)(B), as an overstay.  AR 4.  Third,

the Board found no exceptional situation warranting reopening under its sua

sponte authority.  *Id*. (citing 8 C.F.R. § 1003.2(a); *Matter of J-J-*, 21 I. & N.

Dec. 976 (BIA 1997)).  The Board determined that granting reopening

would vitiate the statutory and regulatory deadlines designed to bring

finality to proceedings.  AR 4 (citing *INS v. Doherty*, 502 U.S. 314 (1992)).

This petition for review followed.

## SUMMARY OF THE ARGUMENT

The Court should deny in part and dismiss in part Mr. Desai's petition

for review.  First, Mr. Desai's failure to establish that he acted with due

diligence in pursuing the relief that provided the basis for his motion to

reopen, i.e., vacatur of his 2011 conviction under CPC § 1473.7, is dispositive of the equitable tolling question. Mr. Desai only sought a vacatur after his prior litigation strategies failed, ending with the Court's denial of his first petition for review on February 24, 2021. But at all times since the DHS initiated his removal proceedings in 2011, Mr. Desai was well aware that his conviction had immigration consequences.

Mr. Desai's motion to the Board has not shown what impediments prevented him from seeking a vacatur of his 2011 conviction prior to May 19, 2021. Mr. Desai did not show what (if any) efforts he made during that ten-year period. His contention that the Board failed to apply the correct equitable tolling standard fails completely. The Board expressly recited the "due diligence" standard set forth in its seminal decisions and the Board fashioned its conclusion after this Court's decision in *Perez-Camacho*. Thus, the Board's denial of Mr. Desai's motion to reopen on equitable tolling grounds did not constitute an abuse of discretion.

Second, the Board denied Mr. Desai's motion to reopen sua sponte on purely discretionary grounds, based on its valid concern with the finality of Mr. Desai's removal proceedings, which commenced in 2011. The arguments that Mr. Desai raises to this Court concerning his vacatur under CPC § 1473.7 are irrelevant to the Board's sua sponte determination.

Because Mr. Desai's motion to reopen failed to present any exceptional situation that warranted sua sponte reopening, the Board's denial is free of legal or constitutional error and cannot be disturbed. Thus, the Court should dismiss the petition with respect to the Board's denial of Mr. Desai's motion to sua sponte reopen proceedings.

## **ARGUMENT**

### I.      **Scope And Standard Of Review**

Where a petitioner challenges the denial of a motion to reopen, the scope of review is generally limited to the challenged motion and does not extend to the underlying administrative decisions. *See, e.g., Toufighi v. Mukasey*, 538 F.3d 988, 995 (9th Cir. 2008). Thus, the only administrative decision properly before the Court here is the Board's June 21, 2023 decision. AR 1-5. As noted, this Court has reviewed the Board's dismissal of Mr. Desai's appeal. AR 31-49 (*Velasquez-Rios,* 988 F.3d 1081); *see also* 8 U.S.C. § 1252(d)(2) (review is only available, where a court has not decided the validity of the order, subject to exceptions not present here).

The Court reviews the Board's denial of a motion to reopen premised on equitable tolling for abuse of discretion. *Lona*, 958 F.3d at 1230-32. This Court will only deem the Board's denial of a motion to reopen an abuse discretion if the denial is arbitrary, irrational, or contrary to law. *See*

11

*generally Valeriano v. Gonzales*, 474 F.3d 669, 671-672 (9th Cir. 2007).

The Supreme Court has repeatedly held that the Board has broad discretion

to grant or deny motions, even when the movant shows prima facie

eligibility for the sought-after relief. *See Doherty*, 502 U.S. at 322; *see also*

*Kucana v. Holder*, 558 U.S. 233, 242 (2010).

## II.     Statutory And Regulatory Authority For Motions To Reopen

Motions to reopen removal proceedings are disfavored.  The reasons

are clear: "There is a strong public interest in bringing litigation to a close as

promptly as is consistent with the interest in giving the adversaries a fair

opportunity to develop and present their respective cases." *INS. v. Abudu*,

485 U.S. 94, 107 (1988).  A movant's burden is, therefore, "heavy."

*Doherty*, 502 U.S. at 322; *see also Abudu*, 485 U.S. at 106 and n.11;

*Valeriano*, 474 F.3d at 672.  The statutory and regulatory provisions that

generally control motions to reopen require a movant to file a motion to

reopen with the Board within ninety (90) days of the entry of the final

removal order.  8 U.S.C. §§ 1229a(c)(7)(A), (C), 8 C.F.R. § 1003.2(c)(2).

Notwithstanding the ninety (90) day time limitation, the Board retains

the authority to reopen any case in which it has rendered a decision, on its

own motion.  8 C.F.R. § 1003.2(a).  The regulation states, in relevant part,

"[t]he decision to grant or deny a motion to reopen [] is within the discretion

of the Board, subject to the restrictions of this section. The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief. *Id*.

### III. The Board Was Within Its Discretion In Declining To Equitable Toll Mr. Desai's Motion To Reopen Filing Deadline Where Mr. Desai Failed To Exercise Due Diligence By Waiting Nearly Ten Years To Vacate His 2011 Conviction.

It is undisputed that Mr. Desai's motion to reopen was untimely and unexcused by any statutory or regulatory exception. AR 3 (citing 8 U.S.C. § 1229a(c)(7)). Mr. Desai instead sought equitable tolling of the filing deadline by asserting his 2011 conviction was vacated as legally invalid "based on his inability to meaningfully understand the consequences of his plea." AR 15-16, 17-18. As a result of the vacatur of his 2011 conviction, Mr. Desai claimed prima facie eligibility for cancellation of removal based on his two United States citizen children. *Id*. The Board reasonably rejected this claim. AR 3-4 (citing, *inter alia*, *Perez-Camacho*).

The Board did not abuse its discretion by declining to equitably toll the time limit for filing Mr. Desai's motion to reopen. AR 3-4. A noncitizen "can secure review of a motion to reopen that would otherwise be time-and number-barred if the deadline is subject to equitable tolling." *Perez-Camacho*, 54 F.4th at 605-06. As the Court explained, equitable

13

tolling may be available "when a petitioner is prevented from filing because of deception, fraud, or error," which includes receiving ineffective assistance of counsel, "as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Id*. at 606 (quoting *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003)). A determination on "diligence is case specific, and turns on 'the reasonableness of petitioner's actions in the context of his or her particular circumstances.'" *Id*. (quoting *Bonilla v. Lynch,* 840 F.3d 575, 582 (9th Cir. 2016)).

Only movants who act with "due diligence" can show that they merit tolling of a motion filing deadline. *See, e.g.*, *Iturribarria*, 321 F.3d at 897 (citing *Socop-Gonzales v. INS,* 272 F.3d 1176 (9th Cir. 2001); *Valeriano*, 474 F.3d at 673. Stated another way, a movant's exercise of due diligence is a prerequisite for equitable tolling availability and a movant has the burden of demonstrating such diligence. *Id*. An exercise of due diligence involves "a reasonable effort" to pursue one's case. *Bonilla*, 840 F.3d at 582; *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011). An effort that is reasonable entails either discovering a counsel's purported fraud or error or, if unaware of counsel's fraud or error, seeking relief and/or protection from removal. *Id*.

As the Board reasonably concluded, Mr. Desai's motion to reopen failed because Mr. Desai "had not shown the requisite due diligence to

warrant equitable tolling of the time limit on motions to reopen." AR 4 (citing, *inter alia*, *Doe v. Garland*, 17 F.4th 941, 946 (9th Cir. 2021)). Specifically, the Board held Mr. Desai "has not explained why he waited near 10 years after the July 15, 2011, conviction to seek its vacatur." *Id*. (citing *Perez-Camacho*, 54 F.4th at 607). In *Perez-Camacho*, the Court reached the very same result, affirming the agency's no-due-diligence holding by considering the noncitizen's diligence as to his vacatur. *Perez-Camacho*, 54 F.4th at 607. There, the panel held that the petitioner "*waited 21 years* (13 of which occurred after his final order of removal was rendered) to seek modification of his conviction in state court based on the defense counsel's alleged ineffective representation in 1997, and [] provided no basis as to his 'reasonable efforts to pursue relief' during *21-year period*, nor provided any explanation for such an 'exceedingly long' delay." 54 F.4th at 607 (emphasis added) (quoting *Bonilla*, 840 F.3d at 583).

Indeed, notwithstanding that he knew in October 2011 [when the DHS initiated his removal proceedings] that his conviction may have immigration consequences, Mr. Desai waited until May 19, 2021 to seek its vacatur. AR 568-69; *see also* Petitioner's Brief ("Pet'r Br.") at 5.[3] Mr. Desai has

---

[3] Even now, the fact that, according to his opening brief, Mr. Desai "told his criminal defense attorney, [] about his ultimate goal of obtaining lawful status to remain with his family[,] [was] advised [] that a plea to a

never claimed that something beyond his control made it impossible to file a

motion to vacate his conviction until after his first petition for review and

petition for rehearing were denied by this Court on October 28, 2020 and

February 24, 2021 respectively. *See* Pet'r Br. at 29-35; AR 12-19; *see*

*Goulart v. Garland*, 18 F.4th 653, 655 (9th Cir. 2021) (holding that, "even

assuming that Goulart was unaware of our 2015 decision [that potentially

invalidated his removal], the BIA did not act arbitrarily or irrationally in

determining that Goulart failed to "ma[ke] reasonable efforts to pursue

relief" where Goulart's motion to reopen provided no evidence of his actions

in pursuing claims "between 2013, when he was removed, and 2018, when

he learned of *Session v. Dimaya* and filed the motion to reconsider").

Instead, by his own account, Mr. Desai apparently chose not to seek a

vacatur before May 2021, purportedly to "litigat[e] his case before the Ninth

Circuit on direct appeal, until the Court issued a decision finding him

ineligible for relief," which would presumably determine whether he would

actually be removed.  AR 18.  That does not justify equitable tolling.

---

misdemeanor [] 'would not impact his immigration status[,]' [and based] on
this advice, Mr. Desai agreed to proceed with the plea," Pet'r Br. at 5,
underscores that Mr. Desai was well aware that his 2011 conviction
impacted his immigration status when the NTA was filed.  AR 91-97.

No reasonable notion of fairness or equity counsels for relieving Mr. Desai from his unilateral decision to ignore his option for post-conviction relief. Even if he were unaware of any deficiencies during his criminal case, Mr. Desai knew about the impact of his 2011 conviction on his immigration status by the start of the Government's efforts to formally remove him - while noting he was still seeking to avoid removal in immigration proceedings. AR 568-69 (NTA filing date October 24, 2011). As the Board points out, "[i]rrespective of the conviction, [Mr. Desai] conceded his removability [on October 3, 2012] under section 237(a)(1)(B) of the INA, 8 U.S.C. § 1227(a)(1)(B), as he remained in the United States beyond the period authorized. IJ at 1 [at AR 332]; Tr. at 2 [at AR 338]; Exh. 1 [at AR 676]." AR 4. Yet the record shows no explanation or detail as to what steps Mr. Desai took in the "nearly 10 years after the July 15, 2011, conviction to seek its vacatur." AR 4.

In his opening brief to this Court, Mr. Desai argues that the Board "applied the wrong standard" to his equitable tolling claim. Pet'r Br. at 28. Specifically, Mr. Desai claims that the Board improperly required him to meet a heightened proof burden by "forcing [him] to demonstrate his case warrants equitable tolling for seven years before the correct starting date" when it commenced its "equitable tolling analysis seven years before the

17

proper date, on July 15, 2011." Pet'r Br. at 28, 29-30. He also argues that the Board erred because it "wrongly reasoned that even if it were to equitably toll [his] deadline, he would be only 'potentially eligible' for cancellation of removal." *Id*. at 33-35. These claims lack merit.

Contrary to Mr. Desai's argument, the Board did not misapply the equitable tolling standard to determine whether Mr. Desai acted with the necessary amount of due diligence to succeed in having his removal proceedings reopened. Here, the Board expressly acknowledged that, under *Doe*, 17 F.4th 941, equitable tolling is predicated on showing diligence and an "extraordinary circumstance" caused the filing to be untimely, but the Board concluded that Mr. Desai showed no due diligence. AR 4. This standard is correct where Mr. Desai sought reopening based on ineffective assistance of his prior criminal counsel. *See e.g.,* AR 93 (Mr. Desai's motion to reopen claiming he "was advised by prior defense counsel that because the offense was a misdemeanor, it was a slight infraction that would not impact his immigration status"); 96, 16; *see also* Pet'r Br. at 5 (same).

Additionally, the Board conveyed its understanding of the equitable tolling standard when it cited *Perez-Camacho*, where this Court considered a claim similarly involving the vacatur of a noncitizen's conviction as a basis for equitable tolling. AR 3. The Board's reading of *Perez-Camacho* as

18

allowing it to consider the noncitizen's conduct relating to the vacatur of his conviction to obtain equitable tolling was clearly reasonable. Indeed, the Board was fashioning its finding after the *Perez-Camacho* decision. 54 F.4th at 607. The clear indication from *Perez-Camacho* is that conduct (or the lack thereof) by the noncitizen relating to the vacatur of his conviction can impact tolling of the time in which to file a motion to reopen. *See id.* The analysis in *Perez-Camacho* has not been expressly limited by the Court and remains law of the circuit, and other decisions of this Court indicate that such reasoning is permissive. *See e.g., Lara-Garcia v. Garland*, 49 F.4th 1271, 1277 (9th Cir. 2022) ("*Petitioner did not seek to have his conviction expunged until nearly a decade after he was convicted in 2008*, and he has presented neither argument nor evidence explaining why he could not have done so earlier than 2018.") (emphasis added). Much like Mr. Desai's case, this Court affirmed an adverse Board equitable tolling determination based on an underlying failure to show due diligence over a long period of time – only six years compared to Mr. Desai's ten years. *Bonilla*, 840 F.3d at 582.

Mr. Desai's failure to show due diligence is arguably more glaring given that adverse administrative decisions were issued in his removal proceedings before pursuing the vacatur of his conviction on at least three

19

occasions. Indeed, the Immigration Judge issued its first adverse decision in his proceedings on March 3, 2015, ordering Mr. Desai removed, and yet he did not seek a vacatur of his 2011 conviction. AR 332-335. And then he waited, without explanation, another six years -- about four years after the Immigration Judge's March 29, 2017 order of removal and pretermission of cancellation relief, AR 252-53, and more than two and a half years after the Board's November 2, 2018 dismissal of that appeal, to seek the vacatur of his conviction.[4] AR 110-11 (Board decision); *see Perez-Camacho*, 54 F.4th

---

[4] To the extent CPC § 1473.7 was enacted in January 2017 and amended in 2019, options for post-conviction relief existed in California state court prior to Mr. Desai's July 2011 conviction. *C.f. Guzman-Nunez v. Garland*, No. 21-1118, 2023 WL 8889558, *3 (9th Cir. 2023) (where petitioner had sought vacatur only under CPC § 1473.7, instructing that on remand, the Board should consider due diligence only after the statute's enactment in 2017). For instance, since 1977, CPC § 1016.5 has required that, before accepting a plea of guilty or nolo contendere, the trial court must advise a defendant in an appropriate case that the plea may have immigration consequences. *People v. Castaneda*, 37 Cal. App. 4th 1612, 1615 (1995); CPC § 1016.5(b) (stating that if it fails to give the advisement and if the defendant shows that his conviction may result in immigration consequences, then "the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty."). Notably, in *Patino-Ortiz v. Holder*, 593 F. App'x 696, 697 (9th Cir. 2018), a case similarly involving a noncitizen's failure to show due diligence, this Court upheld the Board's rejection of equitable tolling where the noncitizen made no showing of pursuing his rights during the time he became aware of the immigration consequences of his plea and the filing of his vacatur motion, notwithstanding that CPC § 1016.5 "was enacted in 1977, and pertained to all criminal proceedings after January 1, 1978." *Id*. Also, Mr. Desai's opening brief, Pet'r Br. at 6, refers to CPC § 18.5 (enacted on January 1, 2015), which "retroactively reduced the maximum possible

at 607; *Bonilla*, 840 F.3d at 583; *cf. Covarrubias-Delgado v. Garland*, No. 21-1341, 2023 WL 42928509, *1 (9th Cir. 2023) (unpublished) (petitioner acted with due diligence where he filed his vacatur motion in state court just three days after the Board dismissed his initial appeal).

Mr. Desai's argument about the Board's misapplication of the equitable tolling standard conflates that judge-made standard with the statutory requirement that applicants file their motion to reopen within ninety (90) days of their order of removal. But Mr. Desai points to no authority showing that equitable tolling applies only to the start of the ninety-day statutory filing period for motions to reopen.[5] *See* 8 U.S.C.

---

sentence for [his] misdemeanor conviction to 364 days." Yet, Mr. Desai did not seek post-conviction relief until May 2021. AR 91-97.

[5] While his assessments of the general facts of the cases he relies on may be correct, Mr. Desai misunderstands the requirements they espouse to determine when the equitable tolling clock should begin. In *Socop-Gonzales*, the court stated "equitable tolling does not require affirmative misconduct on behalf of the opposing party; rather, "all one need show is that by the exercise of reasonable diligence the proponent of tolling *could not have discovered essential information bearing on the claim*." 272 F.3d at 1184-85 (emphasis added). Additionally, "we will apply equitable tolling in situations where, "'despite all due diligence, [the party invoking equitable tolling] is unable to obtain vital information bearing on the existence of the claim." *Id*. at 1193. Finally, *Socop-Gonzales* goes on to state "[t]he inability to obtain vital information bearing on the existence of a claim need not be caused by the wrongful conduct of a third party. Rather, the party invoking tolling need only show that his or her ignorance of the limitations period was caused by circumstances beyond the party's control." *Id*. Thus, the court in *Socop-Gonzales* appears to

§ 1229a(c)(7)(C). With the exception of *Lara-Garcia*, the cases Mr. Desai cites as support for the Board's purported error -- Pet'r Br. at 30-31, and 31 n.6 -- do not involve equitable tolling of motions to reopen based on (the vacatur of) a criminal conviction or events that pre-date the initiation of removal proceedings. *See, e.g., Socop-Gonzales,* 272 F.3d 1176 (reopening based on erroneous advice that prompted the Board to issue a final removal order and the INS to issue a "bag and baggage letter"); *Iturribarria*, 321 F.3d 889 (reopening where the noncitizen learned of the ineffective assistance of prior counsel after the Board's denial of his appeal); *Singh v. Gonzales*, 491 F.3d 1090 (9th Cir. 2007) (reopening where noncitizen waited six months after the final removal order to act, despite his suspicions of possible fraud that arose shortly after the Board's decision). The argument that the Supreme Court's decision in *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062 (2020), controls the due diligence analysis in his case is misplaced.

---

illustrate the equitable tolling period is not static in that it begins when vital or substantial information is revealed that would establish a noncitizen was put on notice of wrongful conduct by a third party affecting their claim. In *Socop-Gonzales*, that vital piece of information was a removal order. 272 F.3d 1179. Here, the vital piece of information that would establish Mr. Desai was on notice was the DHS's initiation of removal proceedings, three months after Mr. Desai's conviction. AR 568-69. The moment of discovery for Mr. Desai was not, as he wrongly believes, his final removal order on November 2, 2018. AR 109-11.

Pet'r Br. at 30-31. *Guerrero-Lasprilla* is inapposite as it addressed the Court's ability to exercise jurisdiction over the Board's due-diligence finding (based on its "application of a legal standard to undisputed or established facts"), whereas jurisdiction over the Board's due-diligence finding is not at issue here.

Mr. Desai's arguments about the Board's reference to his eligibility (potential or otherwise) for relief is also meritless. Pet'r Br. at 33-35. The Board was correct in saying that the vacatur of Mr. Desai's conviction under CPC § 1473.7 was irrelevant. AR 4. The regulations provide that the Board may deny a noncitizen's motion to reopen on three independent grounds, including, a determination that even if all the requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought. 8 C.F.R. § 1003.2.[6] Because it denied Mr. Desai's motion to reopen on discretionary grounds, the Board was under no obligation to discuss the separate issue of relief. AR 4 (citing 8 C.F.R. § 1003.2(a)); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *see INS v. Rios-Pineda*, 471 U.S.

---

[6] Other dispositive factors are a failure to establish prima facie eligibility for the relief sought and to introduce previously unavailable, material evidence. 8 C.F.R. § 1003.2; *Abudu*, 485 U.S. at 104-105; *Doherty*, 502 U.S. at 323.

23

444, 449 (1985) ("We have also held that if the Attorney General decides that relief should be denied as a matter of discretion, he need not consider whether the threshold statutory eligibility requirements are met.").

Moreover, Mr. Desai's contention that after the vacatur of his conviction he was "unequivocally" prima facie eligible for cancellation of removal, Pet'r Br. at 33, is wrong as a matter of law because the mere absence of a criminal conviction means only that he lacks a statutory bar for purposes of the eligibility criterion. A prima facie showing of an applicant's eligibility for cancellation would necessarily establish the requisite level of hardship to his qualifying relatives, and, as noted above, the Board did not deny Mr. Desai's motion to reopen on this basis, AR 3-4, and the Board did not address the issue in denying reopening. *Id.* (denial solely for failure to show "exceptional circumstances").

Accordingly, Mr. Desai's failure to demonstrate due diligence in pursuing the vacatur of his conviction under CPC § 1473.7 resolves his equitable tolling claim and demonstrates that the Board's denial of his motion to reopen as untimely was consistent with controlling precedent. AR 3-4; *see Lona*, 958 F.3d at 1232 (finding no abuse of discretion where the petitioner "alleged no facts – before the [Board], or on appeal before us – suggesting a diligent pursuit of her rights"); *Perez-Camacho*, 54 F.4th at

24

607; *Lara-Garcia*, 49 F.4th at 1277. The Court should thus deny Mr. Desai's petition for review to the extent it challenges the denial of his motion to reopen on grounds relating to equitable tolling.

## IV. The Court Lacks Jurisdiction Over The Sua Sponte Denial Of Mr. Desai's Motion To Reopen Where Mr. Desai Raised No Colorable Questions Of Law Or Constitutional Claims.

The Court generally lacks jurisdiction to review the Board's denial of its discretionary sua sponte reopening unless the decision is based on legal or constitutional error. *Lona*, 958 F.3d at 1234 ("our review . . . is constricted to legal or constitutional error that is apparent on the face of the [Board's] decision and does not extend to speculating whether the [Board] might have misunderstood some aspect of its discretion); *see also Bonilla*, 840 F.3d at 585-87. No such error or misunderstanding is present in the Board's denial of Mr. Desai's motion to sua sponte reopen. AR 3-4.

The Board "invoke[s] [its] sua sponte authority sparingly, treating it not as a general remedy for any hardships created by enforcement of the time and number limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations." *Matter of G-D-*, 22 I. & N. Dec. 1132, 1134 (BIA 1999). In doing so, it has emphasized the importance of finality in removal proceedings and explained that "[t]he power to reopen on [the Board's] own motion is not meant to be used as a

general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship." *Matter of J-J-*, 21 I. & N. Dec. at 984; *see also Matter of G-C-L-*, 23 I. & N. Dec. 359, 362 (BIA 2002) ("the interest of finality in immigration proceedings . . . takes precedence").

Here, the Board's cogent and persuasive articulation of the grounds for denying Mr. Desai's indisputably untimely motion and refusing to reopen proceedings were based, in part, on Supreme Court and Board precedence involving finality.  AR 4 (citing *INS v. Rios-Pineda*, 471 U.S. 444 (1985) and *Matter of Yauri*, 25 I. & N. Dec. 103 (BIA 2009)).  In *Rios-Pineda*, the Supreme Court made clear that granting a motion to reopen is discretionary; that even assuming the noncitizen makes out a prima facie case of eligibility for the underlying relief sought based on intervening circumstances, the Attorney General has discretion to deny the motion to reopen.  471 U.S. at 449.  The Court further held that where the Attorney General decides that relief should be denied as a matter of discretion, he need not even consider whether the threshold statutory eligibility requirements for relief are met.  *Id.*; *see also Yauri*, 25 I. & N. Dec. at 105 (untimely motions to reopen to apply for adjustment of status are not an exception to the time limits on motions and will generally be denied).

In *Rios-Pineda*, the Supreme Court specifically held: "The Attorney General can, *in exercising his discretion*, legitimately avoid creating a further incentive for stalling by refusing to reopen suspension proceedings for those who became eligible . . ." 471 U.S. at 450 (emphasis added). Contrary to Petitioner's claim, Pet'r Br. at 28 n.5, it was appropriate for the Board to rely upon *Rios-Pineda* and *Yauri* in this case. Here, the Board was motivated by the same finality concern that it was faced with in *Rios-Pineda*, where the noncitizen sought reopening to apply for discretionary relief based on "intervening circumstances demonstrating 7-year residence and extreme hardship." 471 U.S. at 449; AR 4. And in *Yauri*, the Board noted as a preliminary issue that reopening sua sponte was the only available avenue to the noncitizen who applied for adjustment of status relief as the beneficiary of her United States citizen child, over three and a half years after the issuance of the noncitizen's final removal order. 25 I. & N. Dec. at 105 (citing 8 C.F.R. § 1003.2(a)). It is irrelevant whether the intervening circumstances are the accrual of the requisite continuous physical presence (as in *Rios-Pineda*) or the visa application of a United States citizen child (as in *Yauri*) that made the noncitizen potentially eligible for relief.

This Court itself has affirmed the Board's decision to deny sua sponte reopening even in exceptional situations (such as those involving a change

27

of law) and held that the Board has unfettered discretion to reopen sua sponte as it sees fit. *See Lona*, 958 F.3d at 1234-35. In *Lona*, the noncitizen, just as in this case, filed an untimely motion to reopen claiming intervening circumstances impacted their criminal conviction, and in turn their removability/relief from removability. 958 F.3d at 1228. The *Lona* Court emphasized the Board's decision in that case "evince[d] no misunderstanding about its unfettered discretion[,]" and the Court noted that the Board used language that invoked its discretionary authority, stating that the petitioner's case "does not *warrant* reconsideration." *Id*. at 1234 (emphasis in original). Similarly, in Mr. Desai's case, the Board found that "[b]ecoming potentially eligible for relief from removal after a final administrative order has been entered is common and does not, in itself constitute an exceptional situation *warranting* consideration of an untimely motion." AR 4 (emphasis added). In so doing, the Board established awareness of its unfettered discretion, and declined to sua sponte reopen Mr. Desai's removal proceedings. AR 4.

Moreover, the Court in *Lona* observed that "the [Board's] interest in finality, [the noncitizen's] appeal waiver, and her removal are not irrelevant." *Lona*, 958 F.3d at 1234. Similarly, here, the Board's determination that Mr. Desai's "[b]ecoming potential eligible for relief [] is

common and does not, in itself, constitute an exceptional circumstance" and the Board's interest in finality are "not irrelevant" here. AR 4. The Board exercised its unfettered discretion when it declined to reopen Mr. Desai's removal proceedings after the vacatur of his 2011 conviction. *Id*. It is quite clear considering the holding in *Rios-Pineda* and *Lona*, that the Board did not rely on erroneous legal or constitutional analysis when it declined to exercise its extraordinary powers to sua sponte reopen Mr. Desai's removal proceedings. AR 4; *see also Mikhalenko v. Garland*, No. 21-113, 2023 WL 3018057, at *2 (9th Cir. 2023) ("vacatur does not nullify the basis of a removal order such that reopening is required or such that the statutory time limits for reopening are set aside. . . Even where the conviction supporting the removal order has been vacated, the grant of sua sponte reopening is discretionary."); *Parra Camacho v. Barr*, 808 F. App'x 567, 568 (9th Cir. 2020) (vacatur of a noncitizen's prior conviction did not bring his motion to reopen within any exception to the time limit on motions to reopen).

Mr. Desai's opening brief makes two principal disputes to the Board's denial of sua sponte reopening. First, Mr. Desai contends the Board failed to consider that his 2021 vacatur under CPC § 1473.7 on grounds of ineffective assistance meant that Mr. Desai "no longer had a *conviction* under immigration law" when it concluded that it continued to "'potentially'

29

impact [his] eligibility for cancellation." Pet'r Br. at 14-16 (relying on this Court's published decisions, including, *inter alia*, *Ballinas-Lucero v. Garland*, 44 F.4th 1169 (9th Cir. 2022)). Second, Mr. Desai claims the Board's denial of sua sponte reopening is incompatible with his vacatur under CPC § 1473.7, because his conviction is now legally invalid for immigration purposes. Pet'r Br. at 17.

Mr. Desai's contention about the purported failures, Pet'r Br. at 14-16, however, does not require resolution by this Court because it is indisputable that the Board *assumed* that the vacatur of Mr. Desai's 2011 conviction pursuant to CPC § 1473.7 was based on procedural or substantive error that had immigration consequences. AR 4. This would explain why the Board nonetheless determined that "irrespective of the conviction," Mr. Desai was removable as an overstay. AR 4 (citing IJ at 1 [AR at 332], Tr. at 2 [AR at 338], Exh. 1 [AR at 676]). That would also explain why the Board acknowledged Mr. Desai's vacatur pursuant to CPC § 1473.7 "potentially" impacted his eligibility for cancellation of removal relief. AR 4. Therefore, these statements show the Board agreed, for the sake of the analysis, with Mr. Desai's claims as to the grounds of his vacatur. *See* AR 16-18 (referring to his arguments for reopening, that his vacatur pursuant to CPC § 1473.7 was based on "his inability to meaningfully understand the consequences of

30

his plea"). Put another way, there is no reason for the Court to resolve the grounds upon which Mr. Desai's 2011 conviction was vacated pursuant to CPC § 1473.7, where the Board assumed that it was vacated for immigration purposes, and ultimately determined that reopening was otherwise unwarranted.

Moreover, as noted previously, *supra*, Mr. Desai's arguments about being "per se eligible for cancellation" are erroneous and miss the point of the Board's decision. Pet'r Br. at 14. To be eligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1), Mr. Desai must not only demonstrate that he no longer has a conviction for certain criminal offenses, but also show that his removal would cause "exceptional and extremely unusual hardship" to his qualifying United States citizen children. *Id*. But the Board did not reach the ultimate issue of whether Mr. Desai could establish eligibility for cancellation of removal because it determined that Mr. Desai's case did not demonstrate exceptional circumstances warranting an exercise of its sua sponte authority.

Indeed, to that point, Mr. Desai's arguments reveal a misunderstanding of the Board's decision. The Board fully explained that its reasoning for finding a lack of exceptional circumstances was based on its concern with finality. AR 4 (citing *Matter of J-J-*, 21 I. & N. Dec. at 984

31

(holding the power to reopen sua sponte "*is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations*, where enforcing them might result in hardship") (emphasis added); (concluding that Mr. Desai's vacatur – which was not an uncommon basis for reopening -- would "*vitiate the statutory and regulatory deadlines [relating to motions to reopen].*" AR 4 (emphasis added). Mr. Desai's contention about the Board's purported failures relating to the grounds underlying his vacatur under CPC § 1473.7 is a red herring, having nothing at all to do with the real issue here, which is whether Mr. Desai established an exceptional situation warranting sua sponte reopening.

Additionally, the Board was well within its discretion to conclude that Mr. Desai's eligibility (whether potentially or per se) for relief was not, in and of itself, an exceptional situation warranting reopening, particularly when juxtaposed against its concern with finality. 8 C.F.R. § 1003.2(a); *see also Lona*, 958 F.3d at 1234-35 (finding no abuse of discretion for denial of sua sponte reopening even in exceptional situations). The Board did not address -- nor did it need to -- Mr. Desai's eligibility for relief when it denied reopening, other than to note that he might have potentially eligible for relief. AR 4. Accordingly, the Court lacks jurisdiction to review the

Board's decision because Mr. Desai's arguments lack merit, and the Court

should dismiss the petition for review. *Bonilla*, 840 F.3d at 588.

## CONCLUSION

For the foregoing reasons, the Court should deny in part and dismiss

in part Mr. Desai's petition for review.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JONATHAN A. ROBBINS
Assistant Director

/s/ *E. Tayo Otunla*
E. TAYO OTUNLA
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-9517

March 22, 2024                    Attorneys for Respondent

## <u>STATEMENT OF RELATED CASES</u>

Pursuant to Ninth Circuit Rule 28- 2.6, counsel for the Respondent states that based on a survey of the attorneys in this office, there are no cases involving factual and or legal issues similar to those in the instant case.

/s/ *E. Tayo Otunla*
E. Tayo Otunla
Trial Attorney

March 22, 2024       Office of Immigration Litigation

## STATEMENT OF PETITIONER'S DETENTION STATUS AND PENDING MOTIONS BEFORE THE BOARD

Pursuant to Rule 27-8.2 of the Rules of this Court, Counsel for Respondent states that Mr. Desai is not currently detained by the Department of Homeland Security and that Respondent is not aware of any pending motions before the Board or district court.

/s/ *E. Tayo Otunla*
E. Tayo Otunla
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-9517

March 22, 2024                    Attorneys for Respondent

## CERTIFICATE OF COMPLIANCE PURSUANT TO FED. R. APP. P. 32(a)(7)( c) AND CIRCUIT RULE 32-1 FOR CASE NUMBER 23-1468

I certify that:

Pursuant to Fed. R. App. P. 32(a)(7)(c) and Ninth Circuit Rule 32-1, the attached answering brief is

X     Proportionately spaced, has a typeface of 14 points or more and contains 7,552 words (opening, answering, and the second and third briefs filed in cross-appeals must not exceed 14,000 words; reply briefs must not exceed 7,000 words),

or is

_____ Monospaced, has 10.5 or fewer characters per inch and contains words or_____ lines of text (opening, answering, and the second and third briefs filed in cross-appeals must not exceed 14,000 words or 1,300 lines of text; reply briefs must not exceed 7,000 words or 650 lines of text).

s/ *E. Tayo Otunla*
E. Tayo Otunla
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-9517

March 22, 2024        Attorney for Respondent

## **BRIEF IN PAPER FORMAT CERTIFICATION**

I certify that this brief is identical to the version submitted

electronically on March 22, 2024, pursuant to Rule 6(c) of the

Administrative Order Regarding Electronic filing In All Ninth Circuit Cases.

/s/ *E. Tayo Otunla*
E. TAYO OTUNLA
Trial Attorney
Office of Immigration Litigation

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 22, 2024, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system.  I further certify that service will be accomplished through the ACMS system on Mr. Desai's counsel.

/s/ *E. Tayo Otunla*
E. TAYO OTUNLA
Trial Attorney
Office of Immigration Litigation